794

Irving **FRIEDMAN**

v.

The **UNITED STATES.**

No. 358–55.

United States Court of Claims.
July 12, 1957.

———◆———

Burton R. Thorman, Washington, D. C., for plaintiff.

Lawrence S. Smith, Washington, D. C., with whom was Asst. Atty. Gen. George Cochran Doub, for defendant.

**LARAMORE, Judge.**

Plaintiff sues for losses resulting from alleged misrepresentations by defendant in a contract for operation of a cafeteria concession supervised and controlled by the Veterans Administration.

Defendant has moved for summary judgment dismissing the petition for the reasons that (1) any claim based upon contract VA–B2–36, dated April 1, 1947, is barred by the statute of limitations and (2) with respect to contract V2002SR–1, dated June 7, 1948, plaintiff fails to state a claim upon which relief can be granted.

The facts as disclosed by the petition, exhibits, and affidavits filed, are these: Pursuant to invitation for bids by the Veterans Administration a contract was entered into between plaintiff and the Veterans Administration on April 1, 1947, to operate a cafeteria in the Veterans Administration premises at Brooklyn, New York. The invitation provided in paragraph 6 of the *Special Conditions* as follows:

> "6. The Concessionnaire agrees to supply appropriate and adequate equipment to properly store and serve all items of food, meats and other articles to be dispensed by him on the premises. The Concessionnaire further agrees to provide tables and chairs to adequately accomodate [sic] 450 patrons; * * *."

The invitation further stated as follows:

> "Information for Bidders: It is anticipated that there will be approximately 2,000 employees employed by the Brooklyn Regional Office."

Plaintiff avers that because a lesser number of employees were employed by the Veterans Administration in the building than represented, he sustained substantial losses. He further alleges that because of the hardship to him, the contract was renegotiated on June 14, 1948, and designated contract V–2002P–18.[1] The term of this contract was extended

<hr/>

1. Exhibit B attached to defendant's motion shows that the contract was numbered V2002SR–1 and dated June 7, 1948.

to June 30, 1951, with a reduction in rental from $400 per month to $52 per month. A further allegation is that the alleged renegotiated contract was renewed for a period of six months which extended its termination date to December 31, 1951, and that on said date it was further extended to June 30, 1952.

The terms of the contract, dated April 1, 1947, provided that it could be terminated at any time upon request of either party by 90 days' written notice to the other party.

Exhibit A to defendant's motion for summary judgment shows that on April 1, 1948, plaintiff wrote the Veterans Administration as follows: "Please be advised that we are terminating our contract Va–B2–36 dated April 1st, 1947." The exhibit further discloses that the termination was formally accepted by defendant on April 21, 1948. The formal acceptance noted at the bottom of the notice of termination reads:

"April 21, 1948

"Cancellation of Contract VA–B2–36 dated April 1, 1947 is hereby accepted for the Government, said contract to terminate as of the close of business June 30, 1948."

On June 7, 1948, another contract designated V2002SR–1 was entered into effective July 1, 1948.

The invitation to bid in connection with contract V2002SR–1, the second contract, contained the following:

"Information for Bidders: It is anticipated that there will be approximately 1,300 employees employed by the Brooklyn Regional Office."

Thus, it can be readily seen that the original contract was effectively terminated as of June 30, 1948, and a new and different contract entered into between the parties. As a matter of fact, the second contract was between different parties; i. e., different partners.

■ Any claim under the first contract would necessarily have accrued at the latest on June 30, 1948, the termination date. The petition here was filed September 27, 1955, more than six years later and is barred by the 6-year statute of limitations, 28 U.S.C. § 2501.

Plaintiff argues that rather than termination, the second contract was a renegotiation of the first and his cause of action arises on the alleged renegotiated contract.

■ The second contract went into effect July 1, 1948. That contract contained the same termination clause as the first; i. e., by either party upon 90 days' written notice. The invitation to bid contained the statement that the anticipated number of employees would be approximately 1,300. In these circumstances it is clear that rather than a renegotiation, the second contract was new and different entered into after a new and different invitation to bid.

The certification by the personnel officer of the Veterans Administration Regional Office, Brooklyn, which is attached to defendant's motion as exhibit C, shows that there were in fact approximately 1,300 employees on hand during the first year of the contract. The affidavit of Mark J. Jacoby, personnel officer of the Brooklyn Regional Office of the Veterans Administration, contains the same information.

Therefore, if the statement of information for bidders constituted a warranty, there clearly was no breach thereof by the Government. As a matter of fact, the second contract was twice renewed, when in fact plaintiff could have cancelled at any time by giving 90 days' notice. The natural conclusion from that is that plaintiff was satisfied with the second contract or he would have cancelled.

Therefore, if plaintiff's cause of action is predicated on the second contract, he fails to allege a breach thereof in the petition, and furthermore the facts show that there was no breach.

Defendant's motion for summary judgment is granted, and plaintiff's petition is dismissed.

It is so ordered.

JONES, Chief Judge, and MADDEN, WHITAKER and LITTLETON, Judges, concur.